**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BALTAZAR LOPEZ,

      Petitioner,

v.                                         Case No. 8:13-cv-1998-T-33AEP

SECRETARY, DEP'T OF CORRECTIONS,

      Respondent.

_____

## <u>ORDER</u>

Petitioner Baltazar Lopez, an inmate in the Florida Department of Corrections proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) challenging his convictions entered in the Thirteenth Judicial Circuit, Hillsborough County, Florida.  Respondent filed a response (Doc. 12).  Lopez did not file a reply.  Upon review, his petition must be denied.

## PROCEDURAL HISTORY

Lopez faced charges in three different cases.  He entered an open plea of nolo contendere to all charges.  In case number 06-CF-15237, Lopez pleaded to delivery of heroin and possession of heroin.  He received sentences of fifteen years in prison for delivery of heroin and five years in prison for possession of heroin.  (Ex. 1, Vol. I, pp. 19-21, 37-43.)  In case number 06-CF-15238, he pleaded to trafficking in heroin and was sentenced to fifteen years in prison with a three-year minimum mandatory term.  (Id., pp. 51-53, 67-72.)  In case number 06-CF-15239, Lopez pleaded to trafficking in heroin and received a sentence of fifteen years in prison with a fifteen-year minimum mandatory

sentence.  (Id., pp. 55-57, 73-79.)  All sentences were concurrent.  The state appellate court *per curiam* affirmed Lopez's judgments and sentences.  (Ex. 4.)[1]

Lopez filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.  (Ex. 6.) The state court entered an order granting an evidentiary hearing on some of his claims and summarily denying the remaining claims.  (Ex. 7.)  Following the evidentiary hearing, the court entered a final order denying relief.  (Ex. 9.)  The state district court of appeal *per curiam* affirmed the denial of Lopez's postconviction motions.  (Ex. 13.) Lopez filed a successive motion for postconviction relief based on newly discovered evidence.  (Ex. 15.)  The state postconviction court denied the motion, and the state district court of appeal *per curiam* affirmed this denial.  (Exs. 16, 17.)

## STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Wilcox v. Florida Dep't of Corr.,* 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied,* 531 U.S. 840 (2000).  Habeas relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a).  Section 2254(d), which sets forth a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

---

[1] During the pendency of Lopez's direct appeal, he filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2).  The court entered amended sentences on case numbers 06-CF-15238 and 06-CF-15239 that reflected the correct amount of fines imposed in each case.  (Ex. 1, Vol. VI, pp. 272-75.)

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this

deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied–the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States" or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established

federal law is objectively unreasonable . . . an unreasonable application is different from

an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002).  "As a condition for obtaining

habeas corpus from a federal court, a state prisoner must show that the state court's ruling

on the claim being presented in federal court was so lacking in justification that there was

an error well understood and comprehended in existing law beyond any possibility for

fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). *Accord Brown

v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the

correctness *per se*, of the state court decision that [the federal court is] to decide.").  The

phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412.

The purpose of federal review is not to re-try the case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Cone*, 535 U.S. at 693. In other words, "AEDPA prevents defendants–and federal courts–from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766, 779 (2010). *See also Cullen v. Pinholster,* _U.S._, 131 S. Ct. 1388, 1398 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

In a *per curiam* decision without a written opinion, the state district court of appeal affirmed the denial of Lopez's postconviction motion. The state appellate court's *per curiam* affirmance warrants deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore,* 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied,* 278 F.3d 1245 (2002), *cert. denied sub nom Wright v. Crosby,* 538 U.S. 906 (2003). *See also Richter,* 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

Review of the state court decision is limited to the record that was before the state court.

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.   Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law.  This backward-looking language requires an examination of the state-court decision at the time it was made.  It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court.

*Pinholster,* 131 S. Ct. at 1398.   Lopez bears the burden of overcoming by clear and convincing evidence a state court factual determination.   "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact.  *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001).  The state court's rejection of Lopez's postconviction motion warrants deference in this case.

### EXHAUSTION OF STATE REMEDIES; PROCEDURAL DEFAULT

Before a district court can grant habeas relief to a state prisoner under § 2254, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state postconviction motion.   28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.").  *See also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise

a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (citations omitted).  A state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary."  *Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003) (quoting *O'Sullivan*, 526 U.S. at 845).

To exhaust a claim, a petitioner must make the state court aware of both the legal and factual bases for his claim.  *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its prisoners' federal rights.'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).  A federal habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."  *Pruitt*, 348 F.3d at 1358.  The prohibition against raising an unexhausted claim in federal court extends to both the broad legal theory of relief and the specific factual contention that supports relief.  *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).  The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court and alerts that court to the federal nature of the claim.  28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

The doctrine of procedural default provides that "[i]f the petitioner has failed to

exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F. 3d 695, 703 (11th Cir. 1999). *See also Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152, 170 (1982). The petitioner must show at least a reasonable probability of a different outcome. *Henderson*, 353 F.3d at 892; *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

Alternatively, a petitioner may obtain federal habeas review of a procedurally defaulted claim if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Carrier*, 477 U.S. at 495-96. A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Henderson*, 353 F.3d at 892.

### STANDARD FOR CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL

Lopez asserts ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511

(11th Cir. 1995) (en banc) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)).

Claims of ineffective assistance of counsel are analyzed under the test set forth in

*Strickland v. Washington*, 466 U.S. 668 (1984):

> The law regarding ineffective assistance of counsel claims is well settled and well documented.  In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims.   According to *Strickland*, first, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).   In order to show deficient

performance, a petitioner must demonstrate that "in light of all the circumstances, the

identified acts or omissions [of counsel] were outside the wide range of professionally

competent assistance."   *Strickland*, 466 U.S. at 690.   However, "counsel is strongly

presumed to have rendered adequate assistance and made all significant decisions in the

exercise of reasonable professional judgment."   466 U.S. at 690.   Additionally, "a court

deciding an actual ineffectiveness claim must judge the reasonableness of counsel's

challenged conduct on the facts of the particular case, viewed as of the time of counsel's

conduct."  466 U.S. at 690.

Lopez must demonstrate that counsel's alleged error prejudiced the defense

because "[a]n error by counsel, even if professionally unreasonable, does not warrant

setting aside the judgment of a criminal proceeding if the error had no effect on the

judgment."   466 U.S. at 691-92.   To show prejudice, a petitioner must demonstrate "a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.  When the case involves a plea, the prejudice inquiry focuses on whether counsel's deficient performance "affected the outcome of the plea process.  In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Counsel's strategic choices "made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."  466 U.S. at 690-91.  A petitioner cannot meet his burden merely by showing that counsel's choices were unsuccessful:

> The test has nothing to do with what the best lawyers would have done.  Nor is the test even what most good lawyers would have done.  We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776,

794 (1987)).

Sustaining a claim of ineffective assistance of counsel on federal habeas review is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so."  *Richter*, 562 U.S. at 105 (citations omitted).  *See also Pinholster*, 131 S. Ct. at 1410 (a petitioner must overcome the "'doubly deferential' standard of *Strickland* and AEDPA.").

If a claim of ineffective assistance of counsel can be resolved through one of the *Strickland* test's two prongs, the other prong need not be considered.  466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds.").

## DISCUSSION

### Ground One

Lopez claims that counsel provided ineffective assistance for informing him that he would only receive a five-year sentence, and that he relied upon this erroneous advice in entering his plea.  He states that the overall fifteen-year sentence imposed "was not the amount of time that he understood he would receive if he took the plea agreement."  (Doc. 1, p. 5.)  Lopez asserts that counsel misadvised and coerced him, and that he would not have accepted the plea absent this deficient performance.  Lopez raised this claim in his postconviction motion.  The state court summarily denied it:

> In ground one of his Motion, Defendant alleges ineffective assistance of counsel for misadvising Defendant, rendering his plea involuntary.

Specifically, Defendant contends that counsel advised him that, by entering an open plea, the trial court would consider his cooperation and sentence him to no more than five years in prison.  Had he known he could have been sentenced to fifteen (15) years in prison, Defendant contends, he would not have entered a plea.  Defendant contends further that counsel advised him that, at sentencing and in an effort to have the trial court impose a sentence of less than fifteen (15) years, counsel would explain to the court that Defendant had assisted the arresting officers and was attempting to provide substantial assistance.  In reliance on this advice, Defendant contends, he entered a plea, but at sentencing, counsel failed to tell the court of Defendant's cooperation or make any argument for the court to impose a sentence of less than fifteen (15) years.

As to Defendant's claim that he was unaware of the potential sentence he faced, a review of the record reflects that, at his plea proceeding on December 20, 2007, the trial court discussed with Defendant the potential maximum sentences he faced on each of his charges as well as the minimum-mandatory sentences for each charge, the fact that his plea was open, and the fact that there was no agreement as to what sentence he would receive or what the court would impose at sentencing.  As the trial court specifically informed Defendant of the possible maximum sentences he faced and the fact that the trial court was not bound by any sentence agreement, this Court finds that Defendant cannot have reasonably relied on any alleged misadvice about the sentence the trial court would impose.  *See Scheele v. State*, 953 So. 2d 782 (Fla. 4th DCA 2007); *see also State v. Leroux*, 689 So. 2d 235 (Fla. 1996).   As such, Defendant cannot demonstrate prejudice - that but for this alleged misadvice, he would not have entered a plea - and thus warrants no relief on this portion of his allegation in ground one.

As to Defendant's claim that counsel failed to tell the court of Defendant's substantial assistance in an effort to have the trial court impose a sentence less than fifteen (15) years, a review of the record reflects that, at sentencing on February 21, 2008, counsel did discuss with the court the facts surrounding Defendant's substantial assistance.  The record reflects further that the state was seeking an imposition of the minimum-mandatory sentence of fifteen (15) years, and both parties affirmed that there was no legal basis to seek a lesser sentence.  Under these facts, the Court finds that counsel cannot be deemed deficient for failing to seek a lesser sentence. Consequently, Defendant warrants no relief on this portion of his allegation in ground one.

For these reasons, Defendant warrants no relief on his allegations in ground one, and **ground one of Defendant's Motion for Post-Conviction Relief must be denied**.

(Ex. 7, pp. 35-36) (court's record citations omitted)

Preliminarily, the record supports a determination that Lopez's plea was voluntary. The standard for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). "A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: 'If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.'" *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991) (quoting *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980)). Although a defendant's statements during a plea colloquy are not insurmountable, "the representations of the defendant [and] his lawyer [at a plea hearing] . . . as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false.'" *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).[2]

The plea colloquy reflects that Lopez understood the maximum possible sentences and the minimum mandatory sentences that he faced, and understood that there was no guarantee as to what sentences the court would impose. (Ex. 1, Vol. I, pp. 103-105.) The plea colloquy further shows that Lopez entered the plea because he believed it was in his

---

[2]This analysis is not affected by the fact that Lopez's plea was nolo contendere, rather than guilty. *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1983) ("The fundamental constitutional consideration when a petitioner challenges his plea is whether it is voluntary. The rule is the same for pleas of guilty or *nolo contendere*.") *See also Florida v. Royer*, 460 U.S. 491, 495 n.5 (1983) (stating that "[u]nder Florida law, a plea of nolo contendere is equivalent to a plea of guilty.").

best interest and that he understood he was giving up his right to a trial.  (Id.)  The court accepted his plea as freely and voluntarily made.  (Id., p. 109.)  Lopez does not show that his statements at the change of plea hearing were incorrect.

Accordingly, the record supports the state court's finding that Lopez failed to show prejudice because he did not establish that he relied on any misadvice by counsel in entering the plea.  Even assuming counsel erroneously predicted the length of Lopez's sentence, Lopez would not be able to show ineffective assistance. *See United States v. Himick*, 139 Fed. App'x 227, 228-29 (11th Cir. 2005) ("[A] defendant's reliance on an attorney's mistaken impression about the length of his sentence is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence."); *United States v. Pease*, 240 F.3d 938, 940-41 (11th Cir. 2001) (rejecting argument by defendant sentenced as a career offender that his plea was not knowing and voluntary because he had relied on counsel's prediction that his potential sentence under the plea agreement would be anywhere from five to ten years when, in fact, he faced a ten-year minimum mandatory sentence).[3]

There is also support for the state court's conclusion that counsel had no basis to ask the court for a lower sentence, despite any substantial assistance Lopez may have provided.  The State sought minimum mandatory terms on Lopez's trafficking charges

---

[3] As Lopez states, he filed motions to withdraw his plea under Florida Rule of Criminal Procedure 3.170(*l*), alleging in part that counsel did not fully advise him regarding the plea. (Ex. 1, Vol. I, pp. 25-27, 44.) The state trial court dismissed his motions as nullities because they were filed while Lopez was represented by counsel. (Id., pp. 45-46.)  On direct appeal, the state district court of appeal rejected Lopez's challenge to the trial court's dismissal. (Exs. 2, 4.)  To the extent Lopez may attempt to raise a claim that the state trial court erred in dismissing his motions to withdraw plea, he is not entitled to relief.  Because this claim concerns the state court's application of state law with regard to Florida's procedural rules, it is not eligible for federal habeas review.  28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Notwithstanding, as addressed with regard to his claim of ineffective assistance of counsel, Lopez fails to demonstrate that counsel's misadvice rendered his plea involuntary.

pursuant to § 893.135, Fla. Stat.  Although the State may move for a reduction of sentence when the defendant provides substantial assistance, if the State declines to do so, the sentencing court is without authority to impose a sentence below the minimum mandatory.  *See Kelley v. State*, 821 So.2d 1255, 1257 (Fla. 4th DCA 2002); *State v. Bateman*, 423 So.2d 577, 577-78 (Fla. 2d DCA 1982).  Counsel stated at the sentencing hearing that Lopez signed an agreement to provide substantial assistance and met with detectives but that "contacts ended after that point." (Ex. 1, Vol. I, p. 114.)  Furthermore, Lopez understood the minimum mandatory terms he faced at the time he entered his plea. (Ex. 1, Vol. I, p. 104.)  Accordingly, Lopez fails to show that the state court unreasonably applied *Strickland* or unreasonably determinated the facts in rejecting his claim.  Ground One provides no relief.

**Grounds Two and Four**

Lopez claims that counsel was ineffective for failing to obtain an accurate lab report reflecting the amount of heroin obtained from him.  Lopez states that if counsel had done so, the results would have shown insufficient amounts to support his convictions and sentences.  With regard to his trafficking charges, the minimum mandatory sentences were imposed as a result of the amounts of heroin involved.[4]  Lopez states that counsel's deficient performance led to his receiving a longer sentence and that, if not for counsel's

---

[4] Lopez's minimum mandatory terms were imposed pursuant to 893.135(1), Fla. Stat.  (Ex. 1, Vol. I, pp. 67-72, 73-79.)  The State's factual basis for the plea reflects that 9 grams of heroin were involved in case number 06-CF-15238.  (Ex. 1, Vol. I, p. 108.)  Section 893.135(1)(c)1.a., Fla. Stat.,provides for a three-year minimum mandatory sentence when the quantity of heroin involved is four grams or more, but less than fourteen grams.  The State's factual basis provided that case number 06-CF-15239 involved 26.8 grams of heroin.  (Id.)  Section 893.135(1)(c)1.b., Fla. Stat., provides for a fifteen-year minimum mandatory sentence when the quantity of heroin involved is fourteen grams or more, but less than twenty-eight grams.  After the State presented the factual basis at the change of plea hearing, the state trial court asked Lopez if he had any corrections or objections. (Id.)  Lopez told the court that he did not.  (Id.)  No minimum mandatory term was imposed in case number 06-CF-15237, which involved 2 grams of heroin.  (Id.; Ex. 1, Vol. I, pp. 37-43.)

errors, he would have proceeded to trial.

Lopez's voluntary plea prevents him from asserting constitutional violations that occurred prior to the entry of the plea. *See Tollett v. Henderson*, 411 US. 258, 267 (1973) ("[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). *See also Lefkowitz v. Newsome*, 420 U.S. 283, 288 (1975) ("[T]he general rule [is] that a guilty plea, intelligently and voluntarily made, bars the later assertion of constitutional challenges to the pretrial proceedings."); *Wilson v. United States*, 962 F.3d 996, 997 (11th Cir. 1992) ("A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained.").[5]

Accordingly, when a defendant enters a guilty plea on counsel's advice, federal habeas review is limited to whether the plea was voluntary and intelligent. *See Tollett*, 411 U.S. at 267. A plea does not bar review of a claim of ineffective assistance of counsel to extent the alleged ineffectiveness bears upon the voluntariness of the plea itself. *See Hill v. Lockhart*, 474 U.S. at 53-59; *Tollett*, 411 U.S. at 267.

Because Lopez's claim involves conduct of counsel prior to the voluntary entry of Lopez's plea, it is foreclosed from review. Further and alternatively, Lopez is not entitled

---

[5] This analysis is the same for pleas of guilty and nolo contendere. *See Williams v. Wainwright*, 604 F.2d 404, 407 (5th Cir. 1979) (stating that a voluntary plea of nolo contendere waives all non-jurisdictional defects).

to relief on his claim of ineffective assistance of trial counsel.  Lopez brought this claim in

his postconviction motion, which the state court denied after holding an evidentiary

hearing:[6]

> Defendant alleges ineffective assistance of counsel for failure to ensure
> accurate lab results as to the quantitative amount of heroin that served as
> the basis for his convictions.  Specifically, the Defendant contends that there
> were conflicts between the probable cause affidavit, FDLE report, and
> charging information about the amounts of heroin involved in these offenses,
> and that counsel should have been aware of such or investigated such to
> ensure that the offenses to which Defendant was entering a plea was
> sufficiently supported by the evidence.   As quantitative amounts are
> necessary to establish the appropriate degree of offense and minimum-
> mandatory sentence, Defendant contends, counsel was ineffective for failing
> to ensure the accuracy of those amounts and/or for failing to file a pre-trial
> motion challenging the quantitative amount alleged by the State.
>
> At the evidentiary hearing, Defendant's prior defense counsel testified
> that he was provided the discovery in these cases, including the lab results,
> and that he provided such to Defendant.  Counsel testified further about
> having discussed with Defendant the amounts reflected in the lab results,
> and the effect those results had on reducing the minimum-mandatory
> sentence Defendant faced if convicted.   Specifically, counsel testified,
> because Defendant was initially charged in one of his three cases with
> trafficking in illegal drugs, which carried a twenty-five (25) year minimum-
> mandatory sentence, when the FDLE report revealed that the amount was
> 26.8 - less than the 28 grams necessary for a trafficking offense - counsel
> discussed with Defendant that the amount reduced his minimum-mandatory

---

[6]Ground Two of Lopez's federal habeas petition is titled: "INEFFECTIVE ASSISTANCE OF TRIAL
COUNSEL FOR FAILING TO OBJECT TO THE MINIMUM MANDATORY SENTENCE BECAUSE OF
INSUFFICIENT EVIDENCE." (Doc. 1, p. 6.)  Ground Four is titled: "TRIAL COUNSEL WAS INEFFECTIVE
FOR FAILING TO OBTAIN AND [sic] AN ACCURATE LAB RESULT BEFORE HE ADVISED THE
DEFENDANT TO TAKE A PLEA." (Doc. 1, p. 8.)   These claims involve overlapping allegations and are
considered together.  To the extent these allegations raise the same claim that was brought and considered
in Lopez's postconviction motion, the claim is exhausted.  But Lopez's specific assertion that counsel was
ineffective for not objecting to his minimum mandatory sentences is unexhausted because he did not  raise
it in his postconviction motion. (Ex. 6.)  A petitioner may not present a particular factual instance of ineffective
assistance of counsel in his federal habeas petition that he did not present to the state court. *McNair v.
Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005); *Johnston v. Singletary*, 162 F.3d 630, 634-35 (11th Cir.
1998).  If a petitioner raises an ineffective assistance of counsel claim in state court, but alleges different
supporting facts in his federal habeas petition, he has failed to fairly present the federal claim to the state
court. *See Weeks v. Jones*, 26 F.3d 1030, 1044-46 (11th Cir. 1994).  Lopez's failure to present this allegation
to the state court renders it unexhausted.  Lopez cannot return to state court to file a successive, untimely
postconviction motion. *See* Fla. R. Crim. P. 3.850(b), (h).  Therefore, this allegation is procedurally defaulted,
and Lopez does not argue or demonstrate that either exception applies to overcome the procedural default.

sentence exposure to fifteen (15) years. At the evidentiary hearing, the evidence introduced included the FDLE reports from all three of Defendant's cases, revealing the necessary quantitative amounts for Defendant's convictions in these cases. Defendant presented no evidence to demonstrate that these quantitative amounts were inaccurate and insufficient to support Defendant's convictions and sentences. The court finds that, under these circumstances, counsel cannot be deemed deficient as alleged, nor does this Court find there to be a reasonable probability that Defendant would not have entered a plea but for counsel's alleged deficiency. Consequently, Defendant warrants no relief on this allegation, and ground four of his Motion for Post-Conviction Relief must be denied.

(Ex. 9, pp. 132-33) (court's record citations omitted)

The state court's determination that the FDLE reports showed the necessary quantitative amounts to support his convictions in all of his cases is a factual finding that is entitled to deference. Lopez fails to present clear and convincing evidence to overcome the presumption of correctness. *See* 28 U.S.C. § 2254(e)(1). He does not demonstrate that the FDLE reports were wrong or inaccurate.[7] The state court's finding that Lopez did not establish deficient performance of counsel is therefore supported. Further, Lopez does not show that the state court erroneously determined that he failed to establish prejudice as a result of counsel's actions. Accordingly, Lopez does not demonstrate that the state court's finding involved an unreasonable application of *Strickland*, or was based on an unreasonable determination of the facts. Grounds Two and Four warrant no relief.

**Ground Three**

Lopez asserts that counsel was ineffective for failing to object on the basis that his convictions for possession of and delivery of the same quantum of heroin violated double

---

[7] During his postconviction evidentiary hearing, Lopez appears to have introduced and relied upon a letter from FDLE indicating that 1.9 grams of heroin were recovered. (Ex. 8, p. 147.) He argued that this was the total amount of heroin obtained with regard to all of his charges. However, Lopez does not present this document in support of his federal habeas claim, nor does he present any evidence to overcome the state court's findings.

jeopardy.  Lopez states that counsel failed to inform him that he could not be convicted and sentenced for both counts because they stemmed from the same criminal episode.  If counsel had so informed him, Lopez argues, he would have proceeded to trial instead of entering his plea.

Lopez's claim is precluded by his voluntary plea.  *See Tollett*, 411 U.S. at 267. Further and alternatively, Lopez fails to demonstrate entitlement to relief on his claim. Lopez raised this allegation in his postconviction motion, which the state court summarily denied:

> In ground three of his Motion, Defendant alleges ineffective assistance of counsel for allowing Defendant to be convicted in case 06-CF-015237 for both possession of heroin and delivery of the same heroin, as such violated his double jeopardy protections.  The Court notes, however, that convictions for possession of a controlled substance and delivery of that same controlled substance do not violate a defendant's double jeopardy protections.  *See Davis v. State*, 560 So. 2d 1231 (Fla. 5th DCA 1990).  As Defendant's convictions for these offenses do not violate double jeopardy, counsel cannot be deemed deficient as alleged.  Defendant warrants no relief on this allegation, and **ground three of his Motion for Post-Conviction Relief must be denied**.

(Ex. 7, p. 37.)  The Double Jeopardy Clause of the United States Constitution protects defendants from (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense.  *Jones v. Thomas*, 491 U.S. 376, 380-81 (1989).  When a claim is raised alleging multiple punishments for the same crime, the double jeopardy bar applies if the two offenses for which a defendant is punished fail the "same-elements" test.  *See United States v. Dixon*, 509 U.S. 688, 696 (1993) (the test "inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and

double jeopardy bars additional punishment and successive prosecution.").

Florida courts have held convictions for possession of and delivery or sale of the same controlled substance are permissible.  Section 775.021(4)(b)(3), Fla. Stat. provides:

> The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent.  Exceptions to this rule of construction are:
>
> . . . .
>
> 3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

In determining that this section does not foreclose convictions for sale and possession of the same controlled substance, the Florida Supreme Court concluded that "possession is not an essential element of sale and is therefore not a lesser-included offense." *State v. McCloud*, 577 So.2d 939, 941 (Fla. 1991).  It came to the same result in a case involving delivery and possession of the same substance:

> In *McCloud* we rejected the argument that subsection 775.021(4)(b)(3), Florida Statutes (Supp.1988), prohibits dual convictions and sentences for possession and sale of cocaine based on the same act.  The same analysis applies to Davis's convictions for possession and delivery of a controlled substance.  *See State v. Daophin*, 533 So.2d 761 (Fla. 1998) (possession is not a lesser included offense of delivery).  Accordingly, we approve the decision of the Fifth District Court of Appeal that affirmed Davis's convictions and sentences.

*Davis v. State*, 581 So.2d 893, 894 (Fla. 1991) (footnote omitted).  Thus, there is support for the state court's conclusion, as the offenses of delivery and possession do not punish the same activity.  Because Lopez fails to establish that he was punished twice for the same conduct, he cannot show that counsel was ineffective for not objecting on double jeopardy grounds.  Accordingly, Lopez does not show that the state court unreasonably

applied *Strickland* or unreasonably determined the facts in rejecting his claim.  Ground Three warrants no relief.

**Ground Five**

Lopez claims that counsel was ineffective for failing to research and inform him of an entrapment defense before advising him to enter the plea.  The factual basis asserted by the State at the change of plea hearing reflects that in each case, Lopez sold drugs to an undercover confidential informant ("CI").  (Ex. 1, Vol. I, p. 108.)  Lopez argues that an entrapment defense was available because he "was not predisposed to commit the crime without the conduct of the confidential informant who was egregious and thus constituted entrapment as a matter of law with respect to the drug charges alleged in this case."  (Doc. 1, p. 10.)  Lopez further alleges that he was entrapped because the CI approached him and "induced friendship and sympathy."  (Doc. 1, p. 11.)  Lopez states that if counsel had raised entrapment, he would have insisted on going to trial rather than entering his plea.

This claim is precluded by Lopez's voluntary plea. *See Tollett*, 411 U.S. at 267. Further and alternatively, Lopez does not demonstrate entitlement to relief.  Lopez raised this ground of ineffective assistance of trial counsel in his postconviction motion.  His claim was denied after an evidentiary hearing:

> Defendant alleges ineffective assistance of counsel for failure to pursue an entrapment defense.  Specifically, Defendant contends that counsel should have challenged the reliability of the confidential informant, and pursued Defendant's assertion that he had been entrapped.  Had counsel pursued such, Defendant contends, the result would have been a more equitable plea offer or acquittal at trial.   At the evidentiary hearing, Defendant's prior defense counsel testified that Defendant admitted to counsel to having made three deals and that Defendant never indicated any evidence of entrapment to do so.  Specifically, counsel testified as follows:
>
> THE STATE:          Now did there ever come a point in time where

|  | your client, Mr. Lopez, told you that he was either forced into or entrapped into making these deals? |
|---|---|
| DEF. COUNSEL: | No. |
| THE STATE: | [W]hen you represent a client which may possibly have an entrapment defense, can you ethically as a defense attorney offer that to him unless it comes from the defendant himself? |
| DEF. COUNSEL: | Unless the individual indicates to me, some basis for entrapment, then normally it's not something that I try to throw upon them as a possible defense. It depends what the facts are, but normally, I look for them to give me some sort of indication that they did this against their will or they did this having been threatened. And I didn't get that indication from Mr. Lopez. |
| [ ] | |
| THE STATE: | Now, in this particular case, did he – did your client ever say, hey, listen, I never wanted to do these deals. This CI set up the whole thing and I wanted nothing to do [with] it, or anything to that effect that would even lead you to believe that you may possibly have an entrapment type of a defense? |
| DEF. COUNSEL: | No.  He indicated to me that he had been contacted by the person, that it wasn't anything he sought out.  But he never indicated that this person had constantly called him repeatedly or threatened him.  He indicated to me that he did have a prior record and that this wasn't his first time ever getting into trouble.  So there was no indication from him that he was somehow being forced into doing this against his will multiple times. |

Additionally, counsel testified that Defendant did not want to proceed to trial and was adamant about entering a plea and pursuing a substantial-assistance arrangement to avoid a prison sentence on the charges.  The Court finds this testimony to be credible, and finds that counsel cannot be

deemed deficient as alleged under these circumstances.  Moreover, the Court notes that, at the evidentiary hearing, Defendant presented no evidence to support an entrapment defense.  After review of the evidence, this Court does not find there to be a reasonable probability that Defendant would not have entered a plea and would have proceeded to trial but for counsel's alleged deficiency. *See Grosvenor v. State*, 874 So.2d 1176, 1180 (Fla. 2004) (explaining that, in determining whether a reasonable probability exists that a defendant would have insisted on going to trial, a court should consider the totality of the circumstances surrounding the plea, including such factors as whether the defendant would have had a viable defense at trial).  As Defendant has not demonstrated that counsel was deficient or that Defendant was prejudiced as a result of any alleged deficiency, Defendant warrants no relief on this allegation, and **ground five of his Motion for Post-Conviction Relief must be denied**.

(Ex. 9, pp. 133-35) (court's record citations omitted) (alterations in original)

Two theories of entrapment, objective and subjective, are available in Florida.  *See Jimenez v. State*, 993 So.2d 553, 555 (Fla. 2d DCA 2008).  As explained in *Davis v. State*, 937 So. 2d 300, 302 (Fla. 4th DCA 2006):

Objective entrapment analysis focuses on the conduct of law enforcement. Objective entrapment operates as a bar to prosecution in those instances where the government's conduct "so offends decency or a sense of justice" that it amounts to a denial of due process. *State v. Blanco*, 896 So.2d 900, 901 (Fla. 4th DCA 2005). Subjective entrapment analysis is applied in the absence of egregious law enforcement conduct and focuses on inducement of the accused based on an apparent lack of predisposition to commit the offense. *See Munoz v. State*, 629 So.2d 90, 98-99 (Fla.1993).

Objective entrapment occurs when "even a predisposed defendant's due process rights are violated."  *Gennette v. State*, 124 So.3d 273, 277 n.5 (Fla. 1st DCA 2013).  When objective entrapment is at issue, "[a] court must evaluate all relevant circumstances and then determine whether the government conduct" amounts to a due process denial. *Hernandez v. State*, 17 So.3d 748, 751 (Fla. 5th DCA 2009).

The elements of subjective entrapment have been codified in § 777.201(1), Fla.

Stat.:

> A law enforcement officer, a person engaged in cooperation with a law
> enforcement officer, or a person acting as an agent of a law enforcement
> officer perpetrates an entrapment if, for the purpose of obtaining evidence
> of the commission of a crime, he or she induces or encourages and, as a
> direct result, causes another person to engage in conduct constituting such
> crime by employing methods of persuasion or inducement which create a
> substantial risk that such crime will be committed by a person other than one
> who is ready to commit it.

Lopez fails to show entitlement to relief. Counsel testified at the evidentiary hearing that

Lopez admitted to the transactions and gave no indication he was forced or coerced into

conducting them.   (Ex. 8, pp. 173, 176-77.)   Deference must be afforded to the state

court's finding that counsel's testimony was credible.  *Baldwin v. Johnson*, 152 F.3d 1304,

1316 (11th Cir. 1998) ("We must accept the state court's credibility determination and thus

credit [the attorney's] testimony over [the petitioner's]."), *cert. denied*, 526 U.S. 1047

(1999); *Devier v. Zant*, 3 F.3d 1445, 1456 (11th Cir. 1993) ("Findings by the state court

concerning historical facts and assessments of witness credibility are . . . entitled to the

same presumption accorded findings of fact under 28 U.S.C. § 2254(d)."), *cert. denied*, 513

U.S. 1161 (1995).

Furthermore, the state court found that Lopez's testimony did not demonstrate the

applicability of entrapment.  Lopez testified at the evidentiary hearing that the CI contacted

Lopez and stated that he wanted help because they were friends, came to Lopez's house,

and requested particular amounts of drugs.  (Ex. 8, pp. 156-58.)  Lopez fails to establish

the availability of an entrapment defense under either the objective or subjective theory.

Accordingly, the record supports the state court's finding that Lopez failed to demonstrate

deficient performance by counsel.

The state court's finding that Lopez did not meet the prejudice prong of *Strickland* is also supported.  Counsel's testimony, which the court found to be credible, reflects that Lopez did not wish to proceed to trial and instead wanted to pursue the possibility of entering a plea and providing substantial assistance to avoid prison.  (Ex. 8, pp. 174-75.)  This credibility determination must be afforded deference.  Accordingly, Lopez does not demonstrate that the state court unreasonably applied *Strickland* or unreasonably determined the facts in rejecting his claim.  He is not entitled to relief on Ground Five.

**Ground Six**

Lopez challenges his convictions under §§ 893.13,  893.135, Fla. Stat.  He asserts that these statutes are unconstitutional in accordance with *Shelton v. Sec'y, Dep't of Corr.*, 802 F.Supp.2d 1289 (M.D. Fla. 2011), which found that § 893.13, Fla. Stat., was unconstitutional on its face.

Lopez raised this claim, asserting that this decision was newly discovered evidence, in his successive postconviction motion.  The state court rejected his claim on the basis of the Florida Supreme Court's decision in *State v. Adkins*, 96 So.3d 412 (Fla. 2012), which held that § 893.13, Fla. Stat., is constitutional.  Lopez cannot overcome the deference afforded to the state court's determination in accordance with § 2254(d).  Moreover, the district court decision upon which Lopez relies has been reversed.  *See Shelton v. Sec'y, Dep't of Corr.*, 691 F.3d 1348, 1354-56 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 1856 (2013).  This reversal forecloses any relief for Lopez based upon the district court's decision.  Consequently, Ground Six warrants no relief.

It is therefore ORDERED that Lopez's petition for writ of habeas corpus (Doc. 1) is

DENIED.  The Clerk is directed to enter judgment against Lopez and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Lopez is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  *Id.*  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* at § 2253(c)(2). To make such a showing, Lopez "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  Lopez has not made the requisite showing in these circumstances.

Finally, because Lopez is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED in Tampa, Florida, on April 24, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Baltazar Lopez
Counsel of Record